NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | : | |
| Plaintiff, | : | Civil Action No. 08-119 (JAG) |
| v. | : | OPINION |
| RUBY BRAMLETT, SHEILA BRAMLETT, MOSES SPELLER and DWIGHT SPELLER, | : | |
| Defendants. | : | |

**GREENAWAY, JR., U.S.D.J.**

  This matter comes before this Court on the motion filed by plaintiff, Prudential Insurance Company of America ("Prudential"), seeking entry of default judgment against defendant, Dwight Speller ("Defendant"), pursuant to FED. R. CIV. P. 55(b). For the reasons set forth below, this motion will be denied.

### I. FACTS

  Prudential is a life insurance company with its principal place of business in Newark, New Jersey. (Compl. ¶ 1.) The Veterans' Group Life Insurance Program ("VGLI") is a division of Prudential. (Id.) Prudential, through VGLI, issued Group Policy No. G-3200 to the Secretary

1

of Veterans Affairs ( "Group Policy"), providing life insurance to members of the armed forces, in accordance with the terms of the Group Policy and the provisions of Title 38, Chapter 19, Subchapter III of the United States Code. (Id. ¶ 8; See U.S. Depart. of Veterans Affairs Servicemembers' and Veterans' Group Life Insurance Handbook, attached as Ex. A to Compl. [hereinafter "Compl. Ex. A"].)

Frederick Bramlett, a retired member of the military, was insured under the Group Policy in the amount of $50,000.00. (Frederick T. Bramlett's Application for Veterans' Group Life Insurance, attached as Ex. C. to Compl. [hereinafter "Compl. Ex. C"].) Frederick Bramlett died on July 9, 2007 due to lung cancer. (Certificate of Death, attached as Ex. B to Compl. [hereinafter "Compl. Ex. B"].) Prudential concedes that as a result of Mr. Bramlett's death, the full amount of benefits under the group policy, $50,000.00, is due and payable to the designated beneficiaries. (Compl. ¶ 11.)

Mr. Bramlett's application indicates four principal beneficiaries: his wife, Sheila Bramlett; his mother, Ruby Bramlett; and his sons, Moses Speller and Dwight Speller. (Compl. Ex. C.) Under the application header "Share to be paid to each beneficiary," Frederick Bramlett indicated the following apportionments: Sheila Bramlett - 100%, Ruby Bramlett - 100%, Moses Speller - 50%, and Dwight Speller - 50%. (Id.) Therefore, Frederick Bramlett designated shares totaling 300% of the Group Policy benefits.

Prudential states it has been informed that the four parties listed as primary beneficiaries claim or may claim conflicting amounts of benefits under the Group Policy. (Compl. ¶ 13.) Prudential claims no title to the benefits and is ready and willing to pay the proceeds to the appropriate party or parties, but is unable to make that determination without exposing itself to

2

double or multiple liability on account of the competing claims made by the four named beneficiaries. (Id. ¶ 14.)

Plaintiff filed an interpleader complaint on January 9, 2008 seeking determination of the disbursement of the benefits. In the complaint, defendants Sheila Bramlett, Moses Speller and Dwight Speller are listed as residing in Santa Rita, Guam. (Id. ¶¶ 3-5.) Frederick Bramlett's death certificate was issued by the Government of Guam and lists his city and state of residence as Santa Rita, Guam. (Compl. Ex. B.)

On May 22, 2008, Dwight Speller was served with a copy of the Summons and Complaint in this matter at 303 Jackson St., Lawrence, MA 01841. (Return of Service attached as Ex. A to Pl.'s Mot. for Default J. [hereinafter "Mot. Ex. A"].) Dwight Speller was not served personally at this address. Rather, Dorothy Cole, who, according to the summons is Mr. Speller's grandmother, accepted service. (Id.) Dwight Speller did not answer the interpleader complaint, and on December 2, 2008, the Clerk entered default against Dwight Speller upon Plaintiff's request. (Docket Entry No. 14.) On December 12, 2008, Plaintiff filed a motion for default judgment. (Docket Entry No. 16.)

## II. STANDARD OF REVIEW

A district court can enter a default judgment, pursuant to FED. R. CIV. P. 55(b)(2), which states:

> In all other cases, the party must apply for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative

3

> must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

FED. R. CIV. P. 55(b)(2).  Further, the ultimate decision whether to enter default judgment in any given case "is left primarily to the discretion of the district court."  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).  See also F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9, 11 (8th Cir. 1977).

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint."  United States v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)).  Default does not establish liability for the amount of damages claimed by the plaintiff.  Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.").  "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages.  Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993).  In determining the amount, the district court may conduct a hearing.  FED. R. CIV. P. 55(b)(2).  The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default

4

judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 65 (1944).

### III. JURISDICTION

Before a district court can enter default judgment against a party that has not filed responsive pleadings, the court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986).

**A.      Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this action. This is an interpleader action under 28 U.S.C. § 1335, which grants district courts original jurisdiction over any civil action of interpleader filed by any person having issued a policy of insurance valued at $500 or more, if there exists diversity among the adverse claimants, and if the plaintiff has deposited the value of the instrument into the registry of the court. The plaintiff may make such deposit only "on notice to every other party and by leave of court." FED. R. CIV. P. 67(a).

Under § 1335, "District Courts have subject matter jurisdiction under this provision if there is 'minimal diversity" between two or more adverse claimants, and if the amount in controversy is $500 or more." Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007) (citing State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530-31 (1967)). For diversity

purposes, citizenship is determined as of the date of the original or amended complaint. 28 U.S.C. § 1335(7).

As of the date of the complaint, Ruby Bramlett resided in Ohio and the remaining defendants resided in Guam. (Compl. ¶ 2-5.) This satisfies the minimum diversity requirement of § 1335. The $50,000 insurance policy at issue exceeds the $500 threshold, and Prudential stands ready to deposit those proceeds into the court registry. (Id. at ¶ 17:A.) Therefore, pursuant to § 1335, this Court has original subject matter jurisdiction.

**B.      Personal Jurisdiction**

A federal court first looks to the forum state's long-arm statute to determine if personal jurisdiction is permitted over an out-of-state defendant. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004). In New Jersey, the long arm statute permits the exercise of personal jurisdiction to the fullest limits of due process, as defined under the Constitution of the United States. Id. Therefore, in New Jersey, federal law defines the parameters of a court's in personam jurisdiction. IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998). Thus, this Court must determine whether the exercise of jurisdiction violates the Due Process Clause of the Fourteenth Amendment. Miller Yacht Sales, 384 F.3d at 96.

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235 (1958)). It is the burden of the plaintiff to prove that the defendant has purposefully availed itself of the forum state. Burke v. Quartey, 969 F. Supp. 921, 924 (D.N.J. 1997).

To prove that a defendant has purposefully availed itself of the forum state, a plaintiff may rely upon a defendant's specific contacts with the forum state. The burden to produce actual evidence of the defendant's contacts with the forum state rests on the plaintiff. Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984). Personal jurisdiction pursuant to such contacts is known as specific jurisdiction. Specific jurisdiction is invoked when a claim is related to or arises of out the defendant's contacts with the forum. Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 416 (1984); Dollar Sav. Bank v. First Sec. Bank of Utah, 746 F.2d 208, 211 (3d Cir. 1984).

A court must first determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have "reasonably anticipate[d] being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). What constitutes minimum contacts varies with the "quality and nature of defendant's activity." Hanson, 357 U.S. at 253. In assessing the sufficiency of minimum contacts for personal jurisdiction, the court must focus on the "relationship among the defendant, the forum, and the litigation." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984). There must be at least "a single deliberate contact" with the forum state that relates to the cause of action. United States Golf Ass'n v. United States Amateur Golf Ass'n, 690 F. Supp. 317, 320 (D.N.J. 1988). The unilateral acts of the plaintiff, however, will not amount to minimum contacts. Helicopteros Nacionales de Colombia, 466 U.S. at 414; Hansen, 257 U.S. at 253. Assuming minimum contacts have been established, a court must inquire whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Burger King Co., 471 U.S. at 476 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)); see also Pennzoil Prod. Co. v. Colelli & Assoc. Inc.,

7

149 F.3d 197, 201 (3d Cir. 1998).

For personal jurisdiction to comport with "fair play and substantial justice," it must be reasonable to require the defendant to defend the suit in the forum state. World-Wide Volkswagen Corp., 444 U.S. at 292 (1980). To determine reasonableness, a court considers the following factors: a) the burden on the defendant; b) the forum state's interest in adjudicating the dispute; c) the plaintiff's interest in obtaining convenient and effective relief; d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and e) the shared interest of the several States in furthering substantive social policies. Id. Only in "rare cases [do the] minimum requirements inherent in the concept of 'fair play and substantial justice' . . . defeat the reasonableness of jurisdiction even [though] the defendant has purposefully engaged in forum activities." Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano County, 480 U.S. 102, 116 (1987) (citing Burger King Co., 471 U.S. at 462).

If the plaintiff cannot establish specific jurisdiction, a court may exercise general jurisdiction over the defendant if the defendant has maintained "continuous and systematic" contacts with the forum state. Helicopteros Nacionales de Colombia, 466 U.S. at 416. To establish general jurisdiction, the plaintiff "must show significantly more than mere minimum contacts" with the forum state. Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). Moreover, the facts required to establish general jurisdiction must be "extensive and persuasive." Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982).

### III. ANALYSIS

In the instant case, this Court lacks personal jurisdiction over defendant Dwight Speller because the complaint and summons were not properly served upon him. Even if service was proper, Plaintiff has alleged no facts to show minimum contacts with the forum on the part of Defendant Dwight Speller sufficient to establish personal jurisdiction.

"It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment." Lampe v. Xouth, Inc., 952 F.2d 697, 700 (3d Cir. 1992). A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Id. at 701. "Indeed, if a defendant is not properly made a party to the action by effective service, he would not be bound by any judgment rendered." Id. "A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void." Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985).

Service of a summons and complaint in a judicial district of the United States may be effected by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(2)(B). In this case, the record reflects that copies of the summons and complaint were left with Dorothy Cole, residing at 303 Jackson St., Lawrence, MA, 01841. (Mot. Ex. A.) The Return of Service indicates this address is "defendant's dwelling house or usual place of abode," and that Dorothy Cole is Defendant's "Grandmother/Co-Resident." (Id.) There is nothing in the record establishing this address as Dwight Speller's place of residence. To the contrary, the initial complaint states that Dwight Speller resides at P.O. Box 13135, Santa Rita, Guam 96915.

(Compl. ¶ 5.) "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Comdyne I, Inc. v. Corbin, 908 F.2d 1142 (3d Cir. 1990) (citing C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure*, § 2688 at 444 (2d ed. 1983)).  If the residence listed in the complaint is taken as true, and nothing in the record reflects any change in Defendant's residence after the filing of the complaint, then service to the Massachusetts address is not service to Defendant's "dwelling house or usual place of abode."  Therefore, proper service has not been effected upon defendant Dwight Speller.

Alternatively, even if service was proper, because Plaintiff has not made any showing regarding contacts by Dwight Speller with New Jersey, Plaintiff has not satisfied its burden to present evidence establishing any basis for personal jurisdiction in this forum over him.

### IV. CONCLUSION

For the reasons set forth above, this Court finds that, based upon Plaintiff's submissions, this Court does not have personal jurisdiction over defendant Dwight Speller.  Therefore, this Court shall deny Plaintiff's motion for default judgment, without prejudice.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

.Date: August 24, 2009