NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

       Plaintiff,

       v.

RUBY BRAMLETT, SHEILA BRAMLETT, MOSES SPELLER, and DWIGHT SPELLER

       Defendants.

Hon. Garrett E. Brown, Jr.

Civil Action No. 08-119 (GEB)

**MEMORANDUM OPINION**

**BROWN**, **Chief Judge**:

This matter comes before the Court on the motions for default judgment filed by Plaintiff the Prudential Insurance Company of America ("Prudential") against Defendants Dwight Speller and Moses Speller. For the following reasons, the Court will grant Prudential's motion for default judgment against Dwight Speller (Doc. No. 22) and deny Prudential's motion for default judgment against Moses Speller (Doc. No. 25).

**I. BACKGROUND**

This is a statutory interpleader action regarding a $50,000 life insurance policy for decedent Frederick Bramlett, brought against Defendants Ruby Bramlett (decedent's mother), Sheila Bramlett (decedent's wife), and Dwight and Moses Speller (decedent's sons). When decedent completed his application for the policy, under the portion of the application captioned "Share to be paid to each beneficiary," he indicated the following apportionments: Sheila

Bramlett - 100%, Ruby Bramlett - 100%, Moses Speller - 50%, and Dwight Speller - 50%. (Compl. Ex. C.)  Therefore, decedent designated shares totaling 300% of the policy benefits. Prudential claims no title to the benefits of the policy, and therefore, filed an interpleader Complaint on January 9, 2008, seeking determination of the disbursement of the benefits.

On May 22, 2008, Dwight Speller was served with a copy of the Summons and Complaint in this matter at 303 Jackson St., Lawrence, MA, 01841.  (Von Bevern Certif. (9/14/09), Ex. A.)  Dwight Speller was not served personally at that address; rather, Dorothy Cole, who, according to the summons is the "Grandmother/Co-Resident" of Dwight Speller, accepted service. (*Id.*)  Dwight Speller did not answer the Complaint, and on December 2, 2008, upon Prudential's request, the Clerk entered default against Dwight Speller.  On December 12, 2008, Prudential filed a motion for default judgment against Dwight Speller.  On August 24, 2009, the Honorable Joseph A. Greenaway, Jr., then-United States District Judge, denied Prudential's motion for default judgment against Dwight Speller due to improper service of process.  (Doc. Nos. 20, 21.)  Judge Greenaway noted that nothing in the record established that Dwight Speller's place of residence was at 303 Jackson St., Lawrence, MA, 01841, and that, to the contrary, the initial Complaint stated that Dwight Speller resided in Santa Rita, Guam. (*Id.*) Judge Greenaway issued an order allowing Prudential to renew the motion seeking default judgment against Dwight Speller and include in that filing information establishing proper service.  (Doc. No. 21.)

On September 14, 2009, Prudential filed the instant renewed motion for default judgment against Dwight Speller.  (Doc. No. 22.)  Included with that motion was the certification of Prudential's attorney stating that although at the time of the filing of its Complaint, Prudential

2

was under the belief that Dwight Speller resided in Guam, Prudential was later informed by Ruby Bramlett, Dwight Speller's grandmother, that Dwight Speller resided at 303 Jackson St., Lawrence, MA, 01841.  (Von Bevern Certif. (9/14/09) at ¶ 3, 7.)  That information, along with the returned summons in which Dorothy Cole indicated that she was Dwight Speller's "Co-Resident" at that address, cures the defect in the record regarding service of process that was noted by Judge Greenaway in his August 24, 2009 Opinion.

With regard to Defendant Moses Speller, upon Prudential's request, on February 9, 2010, the Clerk entered default against Moses Speller for failure to appear.  On March 2, 2010, Prudential filed the instant motion for default judgment against Moses Speller.  (Doc. No. 25.)[1]

**II. DISCUSSION**

*A. Dwight Speller*

Before entering default judgment, the Court must address the threshold issue of whether it has subject matter jurisdiction and personal jurisdiction over the parties.  *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).  This is a statutory interpleader action brought under 28 U.S.C. § 1335.  This Court has subject matter jurisdiction pursuant to 28 U.S.C.§ 1335(a), which grants district courts original jurisdiction over any civil action of interpleader if there is minimal diversity between two or more adverse claimants, the amount in controversy is $500 or more, and if the plaintiff has deposited such money into the registry of the court.  28 U.S.C. § 1335(a).  Here, the adverse claimants are from different states, the amount in controversy is over $500, and Prudential has deposited the funds with the Court's Registry, and therefore this Court has subject matter jurisdiction pursuant to § 1335(a).

---

[1] By Order of March 15, 2010, this matter was reassigned to the undersigned.

As noted above, Prudential's renewed motion for default judgment included a certification from Prudential's counsel that cures the defect in the record, as recognized by Judge Greenaway, regarding Dwight Speller's address. Because that information establishes the basis for serving Dwight Speller at the Massachusetts address, the Court finds that service upon Dwight Speller was effective. This Court has personal jurisdiction over Dwight Speller pursuant to 28 U.S.C. § 2361, which provides for nationwide service of process on all claimants in statutory interpleader actions. 28 U.S.C. § 2361; *NYLife Distribs. v. Adherence Group*, 72 F.3d 371, 375 (3d Cir. 1995). The Court will now turn to the merits of Prudential's motion for default judgment.

Default is governed by Federal Rule of Civil Procedure 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar*, No. 06-5231, 2008 U.S. Dist. LEXIS 28066, at *7 (D.N.J. Apr. 1, 2008) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady*, 250

F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("[W]e have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment.")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Id.* (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).

The Court concludes that an entry of default judgment against Dwight Speller is appropriate in this case. Dwight Speller has not proffered a meritorious claim to the death benefits of the insurance policy. Moreover, the parties have suffered by Dwight Speller's failure to respond and will continue to suffer prejudice if default is not entered. The Court also finds Dwight Speller culpable in respect to his failure to respond. *See Surdi v. Prudential Ins. Co. of Am.*, 2008 U.S. Dist. LEXIS 71738, at *4-5 (D.N.J. Sept. 8, 2008) (When a defendant "'has failed to answer, move, or otherwise respond to the complaint, the entry of a default judgment against him is appropriate.'" (citation omitted)). Therefore, the Court will grant Prudential's motion for default judgment as to Dwight Speller.

    B. *Moses Speller*

The Court cannot exercise jurisdiction over a party that has not been properly served. *Reddy v. Medquist, Inc.*, 2009 U.S. Dist. LEXIS 68122, at *6 (D.N.J. Aug. 4, 2009); see *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside."). Moreover, "[t]he Court may *sua sponte* raise the issue of improper service of process," *Reddy*, 2009 U.S. Dist. LEXIS 68122, at *7, and "the party asserting the validity of service bears

the burden of proof on that issue," *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993).

On July 21, 2009, Magistrate Judge Madeline Cox Arleo issued an Order authorizing Prudential to serve Moses Speller by constructive service pursuant to New Jersey Court Rule 4:4-5(c). Rule 4:4-5(c) provides for service "by publication of a notice to absent defendants once in a newspaper published or of general circulation in the county in which the venue is laid; and also by mailing, within 7 days after publication, a copy of the notice as herein provided and the complaint to the defendant, prepaid, to the defendant's residence or the place where the defendant usually receives mail." Although Prudential's certification in support of its motion for default judgment against Moses Speller establishes that Prudential published notice in a newspaper, there is no indication that Prudential also mailed a copy of that notice and complaint to defendant's residence within seven days after publication, as required by the Rule. Therefore, due to a lack of proper service, this Court will deny Prudential's motion for default judgment against Moses Speller without prejudice. Prudential may renew its motion seeking default judgment against Defendant Moses Speller, including information establishing effective service of process, within forty-five days.

### III.  CONCLUSION

For the foregoing reasons, this Court will grant Prudential's renewed motion for default judgment against Dwight Speller (Doc. No. 22) and deny Prudential's motion for default judgment against Moses Speller (Doc. No. 25) without prejudice. An appropriate form of order accompanies this Memorandum Opinion.

Dated: April 30, 2010
Newark, New Jersey

                                                      S/Garrett E. Brown, Jr.
                                                     Garrett E. Brown, Jr., Chief Judge
                                                     United States District Court