**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

)
THE PRUDENTIAL INSURANCE COMPANY   )
OF AMERICA,                        )
                                   )
                Plaintiff,         )
                                   )          Hon. Garrett E. Brown, Jr.
        v.                         )
                                   )          Civil Action No. 08-119 (GEB)
RUBY BRAMLETT, SHEILA BRAMLETT,    )
MOSES SPELLER, and DWIGHT SPELLER  )          **MEMORANDUM OPINION**
                                   )
                                   )
                Defendants.        )
_____)

**BROWN, Chief Judge:**

This matter comes before the Court on the unopposed motion for default judgment (Doc.

No. 31) filed by Plaintiff the Prudential Insurance Company of America ("Prudential") against

Defendant Moses Speller.  For the following reasons, the Court will grant Prudential's motion.

**I.  BACKGROUND**

This is a statutory interpleader action regarding a $50,000 life insurance policy for

decedent Frederick Bramlett, brought against Defendants Ruby Bramlett (decedent's mother),

Sheila Bramlett (decedent's wife), and Dwight Speller[1] and Moses Speller (decedent's sons).

When decedent completed his application for the policy, under the portion of the application

captioned "Share to be paid to each beneficiary," he indicated the following apportionments:

_____

[1] On April 30, 2010, this Court granted Prudential's motion for default judgment against
Dwight Speller.  (Doc. No. 30.)

1

Sheila Bramlett - 100%, Ruby Bramlett - 100%, Moses Speller - 50%, and Dwight Speller - 50%. (Compl. Ex. C.)  Therefore, decedent designated shares totaling 300% of the policy benefits. Prudential claims no title to the benefits of the policy, and therefore, filed an interpleader Complaint on January 9, 2008, seeking determination of the disbursement of the benefits.

On July 21, 2009, Magistrate Judge Madeline Cox Arleo issued an Order authorizing Prudential to serve Moses Speller by constructive service pursuant to New Jersey Court Rule 4:4-5(c).[2]  On February 9, 2010, upon Prudential's request, the Clerk entered default as to Moses Speller for failure to appear.  Thereafter, Prudential filed its first motion for default judgment against Moses Speller.[3]  On April 30, 2010, this Court denied that motion because the record did not indicate that Moses Speller had been properly served.  This Court found that although Prudential established that it published the requisite notice in a newspaper, there was no indication that it also mailed a copy of that notice and complaint to defendant's residence, as required by Rule 4:4-5(c).  This Court's Order allowed Prudential to renew its motion seeking default judgment against Moses Speller and include information establishing effective service of process, within forty-five days.

On June 8, 2010, Prudential filed a second motion for default judgment against Moses Speller, which included a certification (Von Bevern Certif. at ¶¶ 8-11) and exhibits (Von Bevern Certif., Ex. C, D) establishing that Prudential mailed a copy of the notice and complaint, via

---

[2] Rule 4:4-5(c) provides for service "by publication of a notice to absent defendants once in a newspaper published or of general circulation in the county in which the venue is laid; and also by mailing, within 7 days after publication, a copy of the notice as herein provided and the complaint to the defendant, prepaid, to the defendant's residence or the place where the defendant usually receives mail."

[3] By Order of March 15, 2010, this matter was reassigned to the undersigned.

regular and certified mail, to Moses Speller's residence in compliance with Rule 4:4-5(c). Prudential's certification in support of its second motion for default judgment also indicates that all certified correspondence addressed to Moses Speller has been returned to Prudential as undeliverable. (Von Bevern Certif. at ¶¶ 9-11.) Moses Speller has submitted no response to Prudential's motion for default judgment.

## II. DISCUSSION

Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). First, this Court recognizes that it cannot exercise jurisdiction over a party that has not been properly served. *Reddy v. Medquist, Inc.*, 2009 U.S. Dist. LEXIS 68122, at *6 (D.N.J. Aug. 4, 2009); see *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside."). In this case, the record establishes that Prudential complied with the requirements of Rule 4:4-5(c) in serving Moses Speller by publication, and therefore this Court concludes that Defendant was properly served. This Court has personal jurisdiction over Moses Speller pursuant to 28 U.S.C. § 2361, which provides for nationwide service of process on all claimants in statutory interpleader actions. 28 U.S.C. § 2361; *NYLife Distribs. v. Adherence Group*, 72 F.3d 371, 375 (3d Cir. 1995).

Second, this Court has subject matter jurisdiction of this statutory interpleader action pursuant to 28 U.S.C.§ 1335(a), which grants district courts original jurisdiction over any civil action of interpleader if there is minimal diversity between two or more adverse claimants, the amount in controversy is $500 or more, and if the plaintiff has deposited such money into the

registry of the court. 28 U.S.C. § 1335(a). Here, the adverse claimants are from different states, the amount in controversy is over $500, and Prudential has deposited the funds with the Court's Registry, and therefore this Court has subject matter jurisdiction pursuant to § 1335(a). The Court will now turn to the merits of Prudential's motion for default judgment.

Default is governed by Federal Rule of Civil Procedure 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar*, No. 06-5231, 2008 U.S. Dist. LEXIS 28066, at *7 (D.N.J. Apr. 1, 2008) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady*, 250 F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("[W]e have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment.")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Id.* (citing *Poulis v. State Farm Fire & Cas.*

*Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).

The Court concludes that an entry of default judgment against Moses Speller is appropriate in this case.  Moses Speller has not proffered a meritorious claim to the death benefits of the insurance policy.  Moreover, the parties have suffered by Moses Speller's failure to respond and will continue to suffer prejudice if default judgment is not granted.  The Court also finds Moses Speller culpable in respect to his failure to respond.  *See Surdi v. Prudential Ins. Co. of Am.*, 2008 U.S. Dist. LEXIS 71738, at *4-5 (D.N.J. Sept. 8, 2008) (When a defendant "'has failed to answer, move, or otherwise respond to the complaint, the entry of a default judgment against him is appropriate.'" (citation omitted)).  Therefore, the Court will grant Prudential's motion for default judgment as to Moses Speller.

## III.  CONCLUSION

For the foregoing reasons, this Court will grant Prudential's second motion for default judgment against Moses Speller (Doc. No. 31).  An appropriate form of order accompanies this Memorandum Opinion.

Dated: July 6, 2010
Newark, New Jersey

                 <u>    S/Garrett E. Brown, Jr.    </u>
                 Garrett E. Brown, Jr., Chief Judge
                 United States District Court